IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

ELI KENDALL RAINEY                                                                           PETITIONER

v.                                    Civil No. 5:21-cv-05223

BENTON COUNTY DETENTION CENTER                                               RESPONDENT

**<u>MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION</u>**

Before the Court is the *pro se* habeas corpus petition filed by Eli K. Rainey ("Rainey") under 28 U.S.C. § 2254.   Rainey is currently incarcerated in the Benton County Detention Center ("BCDC") in Bentonville, Arkansas.   The BCDC has not been ordered to respond to the petition which is before the undersigned for issuance of this Report and Recommendation.   For the reasons set forth below, whether construed as a petition for habeas corpus under 28 U.S.C. § 2254, as titled by Rainey, or construed as a habeas petition under 28 U.S.C. § 2241, Rainey is not entitled to habeas corpus relief.

**I.   BACKGROUND**

On February 11, 2021, Rainey was arrested in Benton County, Arkansas, on a forgery charge, a possession of drug paraphernalia charge, four felony breaking and entering charges, three felony theft of property charges and one misdemeanor theft of property charge.[1]   These charges were pending in the Circuit Court of Benton County as case numbers 04CR-2020-686-1, 04CR-2020-2694-1, 04CR-2021-355-1, and 04CR-2021-356-1.[2]   On September 17, 2021, Rainey

---

[1] https://benton-so-ar.zuercherportal.com/#/inmates (accessed February 10, 2022).
[2] https://caseinfo.arcourts.gov/cconnect/PROD/public/ck_public_qry_doct.cp_dktrpt_frames?backto=P&case_id=04CR-20-686&begin_date=&end_date= (accessed February 10, 2022).

1

agreed to enter guilty pleas on these charges, and Rainey was sentenced to ten years' incarceration in the Arkansas Division of Correction followed by an additional ten years suspended imposition of sentence.

The subject of Rainey's habeas petition is not these Benton County criminal cases but rather, a currently pending case in the Circuit Court of Washington County, *State of Arkansas v. Rainey,* 72CR-21-1046.[3]  On May 14, 2021, Rainey was charged with felony theft of property in Washington County in a one-count information.  A warrant for Rainey's arrest was issued the same day but remains unexecuted.  By letter filed on June 4, 2021, Rainey informed the Washington County Circuit Court that he was currently incarcerated in Benton County and would like "speed up the process" since he had already agreed to serve a term of imprisonment on the Benton County charges.

## II.  DISCUSSION

Rainey seeks to resolve the Washington County Circuit Court case as quickly as possible so he must serve only one term of imprisonment.  While Rainey did write a letter to the Washington County Circuit Court, he has filed no motions or other requests for relief.

### A.  Scope of Relief Under § 2254

Pursuant to 28 U.S.C. § 2254(a) the "court shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." The Anti-Terrorism and Effective Death Penalty Act (AEDPA) narrows federal court review to claims where the state court's adjudication of the claim "resulted in a decision that was contrary

---

[3] https://caseinfo.arcourts.gov/cconnect/PROD/public/ck_public_qry_doct.cp_dktrpt_frames?backto=P&case_id=72CR-21-1046&begin_date=&end_date= (accessed February 10, 2022).

to, or involved an unreasonable application of, clearly established Federal law." 28 U.S.C. § 2254(d)(1).

While Rainey is *in-custody* pursuant to a judgment entered by the Benton County Circuit Court, his incarceration is unrelated to the issue he hopes to remedy with this habeas petition. *Maleng v. Cook,* 490 U.S. 488, 490-91 (1989) (The custody requirement of § 2254 is considered jurisdictional). Even assuming Rainey does satisfy the *in-custody* requirement of the habeas corpus statute, he does not argue that the Washington County Circuit Court warrant was issued in contravention of the Constitution or the laws of the United States. Nor does Rainey argue that the criminal information is in some way constitutionally deficient. Rather, his sole argument is that it would be personally beneficial for the Washington County Circuit Court case to be dealt with at this time.

In general, Arkansas requires an accused to be brought to trial within twelve months from the date charges are filed against him. Ark. R. Crim. P. 28.1. The felony information was filed with the Washington County Circuit Court on May 14, 2021, less than twelve months ago. Furthermore, various periods of time permissibly may be excluded from the twelve-month period. Ark. R. Crim. P. 28.3. Violation of the speedy trial rules result in an absolute bar to prosecution. Prior to filing a petition for writ of habeas corpus, a state prisoner must exhaust available state remedies. 28 U.S.C. § 2254(b). Rainey has not filed a motion seeking a speedy trial in the Washington County Circuit Court case and thus, Rainey has not exhausted his state law remedies. 28 U.S.C. § 2254(b) & (c).

**B.  Scope of Relief Under § 2241**

Section 2241 extends the writ of habeas corpus to pretrial detainees "in custody in violation

of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). There is no requirement that the prisoner be in custody pursuant to the judgment of a state court. *Id.* Despite this – absent extraordinary circumstances – a federal court should not interfere with a state's "pending judicial processes prior to trial and conviction, even though a prisoner claims he is being held in violation of the Constitution." *Sacco v. Falke,* 649 F.2d 634, 636 (8th Cir. 1981). As discussed above, Rainey does not argue he is being held in violation of the Constitution; instead, he merely argues it would be advantageous to him to have his Washington County Circuit Court case dealt with while he is serving his sentence on the Benton County Circuit Court cases.

Moreover, while § 2241 does not contain a statutory exhaustion requirement, case law recognizes a judicially crafted doctrine. As stated by the Supreme Court in *Braden v. 30th Judicial Circuit Court of Kentucky,* 410 U.S. 484 (1973):

> The exhaustion doctrine is a judicially crafted instrument which reflects a careful balance between important interests of federalism and the need to preserve the writ of habeas corpus as a swift and imperative remedy in all cases of illegal restraint or confinement. It cannot be used as a blunderbuss to shatter the attempt at litigation of constitutional claims without regard to the purposes that underlie the doctrine and that called it into existence. As applied in our earlier decisions, the doctrine preserves the role of the state courts in the application and enforcement of federal law. Early federal intervention in state criminal proceedings would tend to remove federal questions from the state courts, isolate those courts from constitutional issues, and thereby remove their understanding of and hospitality to federally protected interests. Second, the doctrine preserves orderly administration of state judicial business, preventing the interruption of state adjudication by federal habeas proceedings. It is important that petitioners reach state appellate courts, which can develop and correct errors of state and federal law and most effectively supervise and impose uniformity on trial courts.

*Id.* at 490-91 (cleaned up). In *Braden,* the Supreme Court allowed a denial of speedy trial claim to proceed where there was an interstate detainer and the petitioner sought to "demand enforcement of the Commonwealth's affirmative constitutional obligation to bring him promptly to trial."

4

*Braden,* 410 U.S. at 489-90.   Noting the importance of analyzing both the grounds raised and the relief sought, the Supreme Court observed that petitioner had made repeated demands for a speedy trial in the Kentucky state courts and thus found petitioner had exhausted his state remedies.   *Id.* at 489.

Unlike *Braden*, no such circumstances exist here.   Rainey seeks relief on an unexecuted warrant issued by Washington County Circuit Court and Rainey has available, unexhausted state law remedies he may pursue.

### III.  CONCLUSION

Based upon the foregoing, the undersigned hereby recommends that Rainey's habeas corpus petition filed pursuant to 28 U.S.C. § 2254, and/or § 2241 be **DENIED** and **DISMISSED**.

An appeal may not be taken in this matter unless the Court issues a certificate of appealability, which shall be issued only if "the applicant has made a substantial showing of the denial of a constitutional right."   28 U.S.C. §§ 2253(c)(1)(A).   A "substantial showing" is a showing that "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings."   *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997).   Based upon the above analysis of Rainey's § 2254 and § 2241 motions, the undersigned does not believe that there is any basis for the issuance of a certificate of appealability and, therefore, recommends that a certificate of appealability be denied.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).   The failure to file timely objections may result in waiver of the right to appeal questions of fact.   The parties are reminded that objections must be both timely and specific to trigger de novo review by the**

**district court.**

DATED this 11th day of February 2022.

/s/ *Christy Comstock*

CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE